UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
Secor Homes, Inc., Zalman Klein and Dina Klein,

                    Plaintiffs,

    - against -

Shlomo Gutman, Menachem Gutman, Aryeh
Gutman, Aaron Eagle, Jacob Joseph Eagle, Berel
Eagle, Perry Gutman Lerner, Lazar Lerner,
Abraham Singer, Sarah Gutman Singer, Idy
Gutman, Elky Gutman, Chaim "Henry" Gutman,
Yaffa Gutman, Nachman Gutman, Hindy Gutman
Mueller, Esther Malky Gutman, Tzvi Gutman,
Shmuel Gutman, Boruch Gutman, Jacob Gutman,
Chaim Gutman, Eliezer Gutman, Faigy Lefkowitz,
Nina Feig, Darren Oved, Oved & Oved LLP,
Central Equities Credit Corp., Spring Gardens
Corp., SME Corp., Springfield Meadow Estates,
Top Quality Home Builders Corporation, 185
Marcy Corp., 185 Marcy LLC, B&N Properties,
LLC, Broadway Central Management LLC., Good
Paz Company, AGE Holding Co., A to Z
Distributors, Eagle Estate LLC, Aryeh Weber,
Adam Drexler, Nicholas Fortuna, Allyn & Fortuna
LLP and Zalman Ashkenazi.

                    Defendants.
-----------------------------------------------------------------

11-CV-0895 (CS)

**ORDER**



Seibel, J.

    The above referenced action was commenced by Plaintiffs Secor Homes, Inc., Zalman Klein, and Dina Klein on February 9, 2011. (Doc. 1.) For the following reasons, I conclude that Plaintiffs' Complaint does not comply with Federal Rule of Civil Procedure 8, and therefore I dismiss the Complaint *sua sponte*, with leave to amend.

**I.    BACKGROUND**

    Plaintiffs are husband and wife who reside in Kings County, New York, and Secor Homes, Inc., is a Rockland County, New York corporation. (Compl. ¶¶ 10-12.) Defendants are

forty-five individuals and corporate entities. (Compl. ¶¶ 13-57.) Plaintiffs' one-hundred-forty-seven page Complaint (including a six-page attachment) has seven-hundred-thirteen numbered paragraphs and asserts twenty separate claims relating to a web of business transactions among a number of individuals and entities. Many of the activities appear to have been the subject of prior lawsuits in the Eastern District of New York, and various New York State Courts. (*E.g.*, Compl. ¶¶ 68, 108, 386, 485, 521, 634); *see also, e.g.*, Docket, *Gutman v. Klein*, No. 03-1570 (E.D.N.Y.).)

## II.   DISCUSSION

The Federal Rules of Civil Procedure require that a complaint contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The purpose of the complaint is to give the court and the parties fair notice of the claims and defenses asserted. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); 2 Moore's Federal Practice§ 8.09. "Compliance with Rule 8 also allows courts to determine whether the doctrine of *res judicata* is applicable to the allegations in the complaint." *Infanti v. Scharpf*, No. 06-6552, 2008 WL 2397607, at *1 (E.D.N.Y. June 10, 2008) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). As the Second Circuit has made clear, "[t]he statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 Fed. App'x 31, 32-33 (2d Cir. 2008) (quoting *Salahuddin*, 861 F.2d at 42); *see Nycomed U.S., Inc. v. Glenmark Generics Ltd.*, No. 08-5023, 2010 WL 1257803, at *8 (E.D.N.Y. Mar. 26, 2010). "Each averment should be direct because a complaint's factual

allegations should be relevant to the cause of action brought." *In re Merrill Lynch & Co. v. Research Reports Secs. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (internal citations omitted).

When a complaint is not short and plain, or its averments are not concise and direct, "the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." *Salahuddin*, 861 F.2d at 42 (citing Fed. R. Civ. P. 12(f)); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). When a court chooses to dismiss, however, "it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." *Salahuddin*, 861 F.2d at 42 (quoting 5 C Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 366-67).

Here, plaintiffs' Complaint does not comply with the "short and plain statement" requirement of Rule 8. Fed. R. Civ. P. 8; *see, e.g., Jones*, 266 Fed. App'x at 32-33 (affirming dismissal of complaint pursuant to Rule 8 where plaintiff filed a "58-page complaint with 87 additional pages of attachments, alleging over twenty separate causes of action against more the 40 defendants."). Accordingly, the Complaint is dismissed without prejudice. In light of the strong preference for adjudicating disputes on their merits, however, the Court grants plaintiffs leave to amend their Complaint within 20 days of this Order with the admonition that greater attention be paid to Rule 8.

### III.   CONCLUSION

Plaintiff's Complaint is hereby DISMISSED without prejudice as to all Defendants. An Amended Complaint shall be filed within 20 days of the date of this Order.

**SO ORDERED.**
Dated: February 18, 2011
White Plains, New York

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.